## FLORENCE AND R. C. FLANAGAN v. TWIN CITY MOTOR BUS COMPANY.[1]

October 9, 1931.

Nos. 28,558, 28,559.

*Walsh, Jackson, Walsh & Yackel,* for appellant.
*John R. Ware* and *W. L. Sholes,* for respondents.

HOLT, J.

Florence Flanagan, the plaintiff in the main case, sued to recover damages for personal injuries suffered through the claimed negligence of defendant. The other plaintiff, her husband, sues for the

[1]Reported in 238 N. W. 326.

consequential damages to him for the medical and hospital expenses incurred in effecting a cure.

The circumstances which gave rise to these causes of action are in short these: Defendant operates buses on Nicollet avenue in Minneapolis. On October 7, 1929, at about five o'clock p. m. there were six automobiles parked on Nicollet avenue along the curb in front of the Syndicate block extending from about the center of the block south to within 30 or 40 feet of Sixth street, where the buses stop to let off or take on passengers. At the time stated Florence Flanagan came out of the elevator entrance of the block and stepped off the sidewalk between the fifth and sixth cars to enter her husband's car, which just drove up and stopped on the westerly side of the parked cars mentioned. As she so stepped off the sidewalk, the car nearest Sixth street was so violently moved or bumped forward, or north, that it struck the car ahead with force enough to set every car in the string in sudden forward motion so that the front bumper of the fifth car struck Florence Flanagan as she was stepping off the sidewalk, in front of that car, fracturing the tibia of her left leg at the knee joint. After verdicts for each plaintiff, defendant moved in the alternative for judgments notwithstanding the verdicts or new trials. From the orders denying the motions it appeals.

No claim is made in this court that the verdicts are excessive, for the assignments of error and arguments of appellant go only to the sufficiency of the evidence to sustain the verdicts. It is not controverted that Mrs. Flanagan sustained a substantial injury. Appellant concedes that the testimony of the witness Barber supports the facts upon which the verdict that defendant's negligent operation of one of its buses was the primary and proximate cause of the injury to Mrs. Flanagan, but contends Barber's testimony to be demonstrably false. Among the facts claimed to demonstrate its falsity are that no great marks of contact were discovered upon the Chevrolet car which Barber testified he saw the bus strike, and that it was not physically possible to make an impact on the Chevrolet of such far-reaching consequences without the exercise of such force as would leave a very substantial evidence of the injury upon

that car. The jury had a right to take into account that the Chevrolet car did not have the emergency brake set. It could therefore be readily moved forward on the slight down grade by a push which might leave no impress on the car; that as the bus started out it moved slowly and would not likely strike forcibly this non-resisting Chevrolet having no brakes set; but that though the impact was not violent the force was powerful and almost irresistible as the bus in contact with the car was moving forward. On conflicting testimony the jury could find some evidence of contact on the left-hand corner of the body and on the gasolene tank of the Chevrolet. Besides, Mr. Barber's testimony was corroborated by a person seated in the Chevrolet car, next to the driver's seat, the driver having entered a near-by store for some purpose, who testified that the car was struck from behind but that she got so busy trying to reach and set the emergency brake that she failed to observe what struck the car. Another witness in the store in front of which the Chevrolet car stood heard the crash, looked out and saw the bus in the act of passing that car. There was other testimony tending to show that a bus of defendant had stopped at the curb back of the Chevrolet car and was turning out to go past it when the commotion in the string of parked cars occurred.

The evidence, in our opinion, fairly supports the verdicts, the physical facts do not demonstrate that the witness Barber's testimony was either false or impossible, and defendant was not entitled to directed verdicts or to judgments notwithstanding the verdicts. To discuss the evidence further will serve no useful purpose. No error in the trial is assigned save the denial to direct verdicts in defendant's favor.

The orders are affirmed.